[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON HEARING IN DAMAGES
Plaintiff brings this action for damages for violations of this state's hazardous waste management regulations. It was tried as a hearing in damages and the trial court gave damages as to only two of the thirty violations. On appeal the appellate court remanded to superior court for a "new hearing in damages" as to all thirty violations.
Facts
There were thirty violations (Amended Complaint of December 31, 1991, First Count ¶ 3(a) through (dd).)
The violations were outrageous, dangerous and clearly reckless.
In assessing penalties this court must consider the size of the business involved; the effect of the penalties on the business' ability to continue operations; the gravity of the violations; any good faith efforts by the business to comply with CT Page 12710 the regulations; any economic benefit gained by the business from those violations; the deterrent effect of the penalties on future actions; and fair and equitable treatment of the regulated community. Carothers v. Cappozziello, 215 Conn. 82, 104.
1. George Butkin of the defendant corporation did not have a secretary. In 1989 the company lost about one-half million dollars.
Heidi Caine was John Butka's office manager and she worked for defendant during the periods in question. Butkin had large trucks, at least six trailers and a van. Butkin ran three shifts for its work of making aircraft and turbine parts. Butkin has a plant in Milford, Connecticut and another in North Adams, Massachusetts. Thus the business was probably of larger than average size.
2. From the evidence the court cannot conclude what effect the penalties will have on the defendant's ability to continue its operation.
3. The violations are extremely grave.
4. The court does not find that the corporation made any good faith efforts to comply with our environmental regulations.
5. The benefit to Butkin gained from the violations was minimal.
6. The penalties imposed, if known, should have a good deterrent effect on future actions of defendant and other potential violators.
7. Fairness and equity to the regulated community demands serious penalties for these thirty (30) violations.
8. The court cannot find that defendant has a history of environmental violations except that the clean-up of a fire was mishandled.
The defendant would assess the following penalties in regard to paragraph 3(a) $ 5,000 (b) 5,000 (c) 5,000 (d) 10,000 CT Page 12711 (e) 5,000 (f) 15,000 (g) 15,000 (h) 15,000 (i) 10,000 (j) 50,000 (k) 12,500 (l) 12,500 (m) 5,000 (n) 5,000 (o) 25,000 (p) 15,000 (q) 15,000 (r) 15,000 (s) 5,000 (t) 50,000 (u) 15,000 (v) 5,000 (w) 150,000 (x) 150,000 (y) 150,000 (z) 150,000 (aa) 50,000 (bb) 15,000 (cc) 5,000 (dd) 150,000 ------------ for a total of $1,135,000
plus costs and expenses incurred by plaintiff in the total amount of $80,000.
However, the plaintiff seeks only $250,000 in penalties and because the court recognizes the agency's superior expertise in the area the court defers to it and assesses only $250,000 in penalties.
Judgment for plaintiff for $330,000 plus costs.
If the case had been remanded to this court for consideration of the equitable relief the court would at this time not enter an injunction solely because there is no evidence of the present situation.
N. O'Neill, J. CT Page 12712